IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JUSTON WALTRIP, ET AL. | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil No. _____ |
| | § | |
| PILOT TRAVEL CENTERS, LLC, and | § | CLASS ACTION COMPLAINT |
| PILOT CORPORATION | § | |
| | § | |
| *Defendants.* | § | |

## CLASS ACTION COMPLAINT

Plaintiffs Juston Waltrip, Jonathan Winckler, Sergio Olivas, Melvin Sanchez, Matthew Hull, Joseph Carroll, Nathaniel Cooley, Candelario Cordero-Jaime, Anthony Delzotto, Jeremiah Heisey, Daniel Madrid, Javier Martinez, Carlos Moreno, Manuel Moreno, Edward Ogier, Andres Rocha, Carlos Pina Salazar, and McKannin Young (collectively the "Named Plaintiffs") file this Class Action Complaint against Pilot Travel Centers, LLC ("Pilot Travel Centers") and Pilot Corporation (collectively, "Defendants" or "Pilot") seeking all available relief under the New Mexico Minimum Wage Act, N.M. Stat. §§ 50-4-19 through 50-4-35 ("NMMWA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

### NATURE OF ACTION

1. The Named Plaintiffs, former truck drivers for Defendants, bring this lawsuit to recover unpaid overtime wages and other damages under the NMMWA and the FLSA.

2. Defendants are the largest provider of travel centers in North America with more than 750 locations in 44 states nationwide, including New Mexico.

3. Many of those truck drivers, including the Named Plaintiffs, were stationed in New Mexico at either or multiple of Pilots' 'yards' including at Artesia, Carlsbad, and in Lovington, New Mexico.

4. Defendants have employed the Named Plaintiffs and other non-exempt truck drivers to haul crude oil for Pilot throughout New Mexico but failed to properly pay them for overtime hours worked at the legally required rate in violation of the NMMWA, N.M. Stat. § 50-4-22(E), and the FLSA, 29 U.S.C. §§ 213. The Named Plaintiffs were not governed by the maximum hour requirements of 49 U.S.C. § 31502.

5. The Named Plaintiffs and the other truck drivers regularly worked over forty (40) hours in each workweek. Specifically, the Named Plaintiffs and the other truck drivers were typically scheduled for 12 to 14 hour shifts. Typically, truck drivers would work on a "5-2-5-3" shift schedule, which means they would work five days, have two days off, work five days, and then have three days off before the schedule repeats. However, the Named Plaintiffs and the other truck drivers never received overtime for hours worked in excess of forty (40) in a single workweek.

6. Defendants failed to pay the Named Plaintiffs and the other truck drivers one and one-half times their regular rate of pay for hours worked in excess of forty (40) as required by the NMMWA and the FLSA.

**PARTIES**

7. Plaintiff Juston Waltrip is an individual residing in Roswell, New Mexico, Plaintiff Jonathan Winckler is an individual residing in Roswell, New Mexico, Plaintiff Sergio Olivas is an individual residing in Roswell, New Mexico, Plaintiff Melvin Sanchez is an individual residing in Artesia, New Mexico, Plaintiff Matthew Hull is an individual residing in Gulfport, Mississippi,

Plaintiff Joseph Carroll is an individual residing in Casa Grande, Arizona, Plaintiff Nathaniel Cooley is an individual residing in Lake Arthur, New Mexico, Plaintiff Candelario Cordero-Jaime is an individual residing in Roswell, New Mexico, Plaintiff Anthony Delzotto is an individual residing in Murfreesboro, Tennessee, Plaintiff Jeremiah Heisey is an individual residing in Roswell, New Mexico, Plaintiff Daniel Madrid is an individual residing in Artesia, New Mexico, Plaintiff Javier Martinez is an individual residing in Shallow Water, Texas, Plaintiff Carlos Moreno is an individual residing in Roswell, New Mexico, Plaintiff Manuel Moreno is an individual residing in Canutillo, Texas, Plaintiff Edward Ogier is an individual residing in Nashville, Tennessee, Plaintiff Andres Rocha is an individual residing in Clint, Texas, Plaintiff Carlos Pina Salazar is an individual residing in Tuson, Arizona, and Plaintiff McKannin Young is an individual residing in Simsboro, Louisiana.

8.      Plaintiffs Juston Waltrip, Jonathan Winckler, Sergio Olivas, Melvin Sanchez, Matthew Hull, Joseph Carroll, Nathaniel Cooley, Candelario Cordero-Jaime, Anthony Delzotto, Jeremiah Heisey, Daniel Madrid, Javier Martinez, Carlos Moreno, Manuel Moreno, Edward Ogier, Andres Rocha, Carlos Pina Salazar, and McKannin Young were employed by Defendants. Collectively, these individuals are referred to as the "Named Plaintiffs." The Named Plaintiffs worked for Defendants as truck drivers in the State of New Mexico within the three (3) years preceding the filing of this lawsuit.

9.      The Named Plaintiffs worked out of Defendants' facilities in New Mexico and drove for Defendants almost exclusively in New Mexico moving crude oil intrastate. During their work for Defendants, the Named Plaintiffs were scheduled to work an average of 5 to 6 days per week for 12 to 14 hours per day, for a total of approximately 286 hours per month. Defendants did

not pay the Named Plaintiffs overtime compensation at any time during the three years preceding the filing of this lawsuit.

10. The Named Plaintiffs seek to represent a class of similarly situated truck drivers pursuant to Federal Rule of Civil Procedure 23. The class sought to be certified is defined as:

> All of Defendants' current and former truck drivers who worked over forty (40) hours in at least one week in New Mexico within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

11. The Named Plaintiffs bring a collective action to recover unpaid wages owed to them and all other similarly situated employees, current and former, of Defendants, who worked as truck drivers at any time during the three year period before this Complaint was filed up to the present. These class members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

12. Defendant, Pilot Travel Centers, LLC is a foreign limited liability company with its principal place of business at 5508 Lonas Drive, Knoxville, TN 37909. Defendant does business throughout the United States, including New Mexico. Defendant conducts substantial portions of its business in New Mexico. Defendant can be served with process by serving its New Mexico registered agent, CT Corporation System, at 206 S Coronado Ave, Espanola, NM 87532.

13. Defendant Pilot Corporation is a foreign corporation with its principal place of business at 5508 Lonas Drive, Knoxville, TN 37909. Pilot Corporation does business throughout the United States, including New Mexico. Defendant can be served with process by serving its New Mexico registered agent, CT Corporation System, at 206 S Coronado Ave, Espanola, NM 87532.

14. The Named Plaintiffs bring their NMMWA and FLSA claims as a Rule 23 class action, and the FLSA claims as a collective action, as more fully described below.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 216(b).

16. This Court has subject matter jurisdiction over the class action portion of this complaint pursuant to 28 U.S.C. § 1332(d) because (1) this case involves over 150 New Mexico Class Members; (2) the New Mexico Class Members' total claims exceed $5,000,000.00 in the aggregate, exclusive of costs or interest; and (3) at least one New Mexico Class Member is from a different state than Defendants.

17. Under 28 U.S.C. § 1391(b) venue is proper in the District of New Mexico because a substantial part of the events giving rise to the claim occurred in this District.

18. The Named Plaintiffs and the New Mexico Class Members perform or performed work for Defendants in this District.

## COVERAGE FACTS

19. At all relevant times, Defendants acted, directly or indirectly, in the interest of an employer with respect to the Named Plaintiffs and the New Mexico Class Members.

20. At all relevant times, Defendants constituted employers or joint employer within the meaning of NMMWA and the FLSA. *See* N.M. STAT. § 50-4-21(B), 29 U.S.C. § 203.

21. At all relevant times, the Named Plaintiffs and the New Mexico Class Members constituted individual employees employed by an employer as the term "employee" is defined under the NMMWA, and under the FLSA. *See* N.M. STAT. § 50-4-21(C); 29 U.S.C. § 203.

## JOINT EMPLOYER ALLEGATIONS

22. Defendant Pilot Corporation is an "employer" within the meaning of the NMMWA and the FLSA.

23. Pilot Travel Centers, LLC acted and acts directly or indirectly in the interest of Pilot Corporation in relation to the Named Plaintiffs. *See* 28 C.F.R. § 791.2(b)(2).

24. Pilot Corporation may be deemed to share control of the Named Plaintiffs, by reason of the fact that Pilot Corporation controls and owns Pilot Travel Centers, LLC. Defendant Pilot Corporation is the majority member of Pilot Travel Centers, LLC. Thus, the Defendants have common ownership. https://www.cspdailynews.com/mergers-acquisitions/berkshire-hathaway-invests-pilot-flying-j; accessed July 13, 2021.

25. Pilot Corporation indirectly supervised and controlled the work performed by the Named Plaintiffs.

26. Pilot Corporation had the right, directly or indirectly, to hire, fire, or modify the Named Plaintiffs' employment conditions.

27. Pilot Corporation had the power to determine the Named Plaintiffs' pay rates and methods of payment.

28. Pilot Corporation owned the facilities where the Named Plaintiffs worked.

29. The Named Plaintiffs performed a job integral to the end product delivered to Pilot Corporation.

## FACTUAL ALLEGATIONS RELATING TO OVERTIME VIOLATIONS

30. Defendants have continuously conducted business in this judicial district over the last three (3) years and since it began failing to pay truck drivers who worked in New Mexico overtime for hours worked in excess of forty (40) per week.

31. Defendants are collectively an oil and gas company operating throughout the United States, including New Mexico, and employs truck drivers to carry out its work.

32. The New Mexico Class Members are individuals who worked for Defendants performing the same or substantially similar job duties as the Named Plaintiffs.

33. The Named Plaintiffs and the New Mexico Class Members were subjected to the same or similar illegal pay practices for similar work.

34. Defendants agreed to pay truck drivers partially fixed and partially variable rates based on the number of loads delivered to Flying J travel centers. Defendants have a policy of paying overtime to truck drivers while in training but not while they are actually working as truck drivers.

35. Furthermore, the truck drivers were required to regularly spend between 20 to 25 hours of the hours worked for Defendants each week on tasks unrelated to picking up and dropping off loads of crude oil; this included waiting in between scheduled load pick up and drop offs, 'deadhead' travel between locations, testing oil for proper density, traveling to and from locations where oil could not be drawn ("reject locations"), filling out and submitting the proper rejection location paperwork, and attending mandatory meetings before or after the shifts ("tailgate meetings") every day.

36. The time spent waiting on location or performing the above tasks was for the sole benefit of Defendants and the Named Plaintiffs and the New Mexico Class Members did not have any ability to use the time for their own benefit during these wait times and remained on call for Defendants. To the extent the truck drivers could otherwise be designated as piecework employees, this practice of requiring the truck drivers to perform these non-integral services for the Defendants without compensation defeats this designation.

37. Defendants classified the New Mexico Class Members as exempt and paid them the same rate of pay regardless of the number of hours that they worked in each workweek and failed to compensate them at one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours.

38. As truck drivers, the Named Plaintiffs' primary job duties included driving from the pickup site to drop-off sites within New Mexico, testing oil on location without compensation, after shift work, equipment maintenance repairs and responsibility, driving to return trucks to pickup sites ("deadhead trips"), and waiting to perform these tasks at Defendants' direction.

39. Pursuant to Defendants' policy, the Named Plaintiffs and the class members were not compensated for time worked, including shop time, breakdown time, wait time, oil testing time, or any non-driving time. The Named Plaintiffs and the class members were also not compensated for deadhead trips between locations.

40. Defendants typically required the Named Plaintiffs to work 12 to 14-hour shifts.

41. The Named Plaintiffs regularly worked in excess of forty (40) hours each work week while employed by Defendants.

**NEW MEXICO CLASS AND COLLECTIVE ACTION ALLEGATIONS**

42. The above and foregoing paragraphs are incorporated herein as if set forth in full.

43. The Named Plaintiffs seek to represent a class of similarly situated truck drivers under NMMWA and the FLSA pursuant to Federal Rule of Civil Procedure 23. The Named Plaintiffs seek to certify the following national class:

**New Mexico Class:**

All of Defendants' current and former truck drivers who worked in New Mexico and who worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

44. The Named Plaintiffs also seek a collective action pursuant to 29 U.S.C. § 216(b) and class action certification pursuant to Federal Rule of Civil Procedure 23. The Named Plaintiffs seek to certify the following national class:

**FLSA Class:**

All of Defendants' current and former Truck Drivers who drove primarily intrastate and worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

45. The members of these classes are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 100 members of the New Mexico Class.

46. While the precise number of the class members is unknown, at least 100 New Mexico Class Members work or worked for Defendants in at least one workweek for more than forty (40) hours in New Mexico during the past three (3) years and throughout the time period Defendants' continuing course of conduct occurred. The size of the FLSA class is currently unknown.

47. The Named Plaintiffs and all the class members were all improperly classified as exempt and not afforded the overtime compensation when they worked in excess of 40 hours per week. Defendants' failure to pay wages and overtime compensation at the rates required by the NMMWA and FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the class members. The Named Plaintiffs' claims are therefore typical of the claims of the class members.

48. The Named Plaintiffs will fairly and adequately represent and protect the interests of the class members because there is no conflict between the claims of the Named Plaintiffs and

those of the class members. The Named Plaintiffs' counsel is competent and experienced in litigating employment class actions and other complex litigation matters, including wage and hour cases similar to this case.

49. There are questions of law and fact common to the proposed classes, which predominate over any questions affecting only individual members, including, without limitation:

   a. whether Defendants have violated and continue to violate statutory and common law through its policies or practices of not paying the Class Members at one and one-half times their regular hourly rates of pay for hours worked in excess of forty hours in each workweek;

   b. the proper measure of damages sustained by the Class Members; and

   c. whether Defendants should be enjoined for such violations in the future.

50. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2).

51. Defendants acted or refused to act on grounds generally applicable to the New Mexico Class Members. Final injunctive and/or declaratory relief is appropriate to the New Mexico Class Members as a whole.

52. The Named Plaintiffs' claims are typical of the claims of the classes in the following ways, without limitation: (a) the Named Plaintiffs are members of the classes; (b) the Named Plaintiffs' claims are based on the same policies, practices and course of conduct that form the basis of the claims of the classes; (c) the Named Plaintiffs' claims are based on the same legal and remedial theories as those of the classes and involve similar factual circumstances; (d) there are no conflicts between the interests of the Named Plaintiffs and the class members; and (e) the injuries suffered by the Named Plaintiffs are similar to the injuries suffered by the class members.

53. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the class members predominate over any questions affecting only individual class members.

54. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

55. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy because—in the context of wage and hour litigation— individuals lack the financial resources to vigorously prosecute lawsuits against large corporations.

56. The class members are readily identifiable from Defendants' own records, including the records indicating where class members were driving and consequently, where the majority of their hours were logged. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

57. Class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the class members, while substantial, are not great enough to enable them each to maintain separate suits against Defendants.

58. Without a class action, Defendants will retain the benefit of its wrongdoing, which will result in further damages to the Named Plaintiffs and the class members. The Named Plaintiffs do not envision any difficulty in the management of this action as a class action.

59. The Named Plaintiffs intend to send notice to the Rule 23 New Mexico Class Members to the extent required by Federal Rule of Civil Procedure 23(c).

60. The Named Plaintiffs intend to send notice to the FLSA Class Members pursuant to applicable conditional collective action procedures and to the extent required by Federal Rule of Civil Procedure 23(c). *See Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095 (10th Cir. 2001).

## VIOLATIONS OF NEW MEXICO MINIMUM WAGE ACT

61. The above and foregoing paragraphs are incorporated herein as if set forth in full.

62. Pursuant to NMMWA, an employer, such as Defendants, who fail to pay an employee wages in conformance with the NMMWA shall be liable to the employee for their unpaid wages plus interest, an additional amount equal to twice the unpaid wages, and court costs and attorneys' fees incurred. *See* N.M. STAT. § 50-4-26.

63. During the relevant time period, Defendants violated and continue to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendants' unlawful conduct, the Named Plaintiffs and the New Mexico Class Members have suffered and will continue to suffer from a loss of income and other damages. Moreover, the Named Plaintiffs request that this lawsuit encompass all violations that occurred as a part of Defendants' continued course of conduct regardless of the date on which they occurred.

64.  The Named Plaintiffs and the New Mexico Class Members are entitled to unpaid overtime equal to one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek pursuant to the formula outlined in N.M. STAT. § 50-4-22(E). *See also N.M. Dep't of Labor v. Echostar Commc'ns Corp.*, 2006-NMCA-047, ¶¶ 6-9, 139 N.M. 493, 495–96, 134 P.3d 780, 782-83.

## VIOLATIONS OF THE FLSA

65.  Based on the foregoing, Defendants violated the FLSA by failing to properly compensate the Named Plaintiffs for work performed in the employ of the Defendants. 29 U.S.C. § 206.

66.  The Named Plaintiffs have suffered damages as a direct result of Defendants' unlawful actions, including Defendants' failure to pay the Named Plaintiffs wages and overtime.

67.  Defendants failed to keep adequate records of the Named Plaintiffs' and the New Mexico Class Members work hours and pay in violation of 29 U.S.C. § 211(c).

68.  Federal law mandates that an employer keep for three years all payroll records and other records containing, among other things, the following information:

   a. the time of day and day of week on which the employees' work week begins;

   b. the regular hourly rate of pay for any workweek in which overtime compensation is due under the FLSA;

   c. an explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d. the amount and nature of each payment which is excluded from the "regular rate";

    e. the hours worked each workday and total hours worked each workweek;

    f. the total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g. the total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded;

    h. the total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i. the dates, amounts, and nature of the items which make up the total additions and deductions;

    j. the total wages paid each pay period; and

    k. the date of payment and the pay period covered by payment.

29 C.F.R. § 516.2, 516.5.

69. Defendants have not complied with federal law and have failed to maintain such records with respect to the Named Plaintiffs and New Mexico Class Members. Because Defendants' records are inaccurate or inadequate, the Named Plaintiff and New Mexico Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were not compensated, and produce sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference.

70. Defendants are liable to the Named Plaintiffs for wages, unpaid overtime compensation, liquidated damages, attorneys' fees & expenses under the FLSA, for the three-year period preceding the filing of this lawsuit. 29 U.S.C. § 216.

## JURY DEMAND

71. The Named Plaintiffs request a trial by jury.

## PRAYER

72. For these reasons, the Named Plaintiffs on an individual basis and on a representative basis on behalf of the New Mexico Class Members respectfully request that judgment be entered in their favor and against Defendants, awarding the Named Plaintiffs on an individual basis and on a representative basis on behalf of the New Mexico Class Members the following relief:

   a. for an Order certifying the NMMWA and FLSA claims as a Class Action pursuant to FED. R. CIV. P. 23, for designation of the Named Plaintiffs as Class Representative under NMMWA, and for designation of the Named Plaintiffs' counsel as class counsel;

   b. for Judgment that Defendants violated NMMWA by failing to pay the Named Plaintiffs and the New Mexico Class Members' overtime compensation;

   c. for an Order awarding the Named Plaintiffs and the New Mexico Class Members all unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages, interest and all available penalty wages under the NMMWA;

   d. for an Order awarding all costs and attorneys' fees incurred prosecuting this claim, as allowed by the N.M. STAT. § 50-4-26(e);

   e. for an Order for injunctive relief pursuant to N.M. STAT. § 50-4-26(F);

   f. for an Order conditionally certifying the FLSA claims as a collective action and authorizing notice to all putative class members;

   g. for Judgment that Defendants violated the FLSA by failing to pay the Named Plaintiffs and the New Mexico Class Members' overtime compensation;

   h. for an Order awarding the Named Plaintiffs and the New Mexico Class Members all unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages, interest and all available penalty wages under the FLSA;

    i.        for an Order awarding all costs and attorneys' fees incurred prosecuting this claim as allowed by 29 U.S.C. § 216 (b); and

    j.        any other and further relief to which the Named Plaintiffs and the New Mexico Class Members may be entitled.

Respectfully submitted,

*/s/ Benjamin W. Allen*
Benjamin W. Allen
NM Federal Bar No. 21-37
Wallace & Allen, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002
Telephone: (713) 224-1744
Facsimile: (713) 227-0104
ballen@wallaceallen.com

**COUNSEL FOR PLAINTIFFS**